UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| SHANICE SHAI, *a/k/a Shanice Sharp*, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 3:24-CV-P523-CHB |
| v. | ) ) ) | **MEMORANDUM OPINION** |
| HALL OF JUSTICE, | ) ) | |
| Defendant. | ) | |

**\*\*\* \*\*\* \*\*\* \*\*\***

This matter is before the Court on initial review of Plaintiff Shanice Sharp's *pro se*, *in forma pauperis* Complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the Court will dismiss this action.

**I.**

Plaintiff initiated this 42 U.S.C. § 1983 civil-rights action arising out of a state-court misdemeanor disorderly-conduct charge. *See* [R. 1]. Plaintiff names as Defendant the Hall of Justice, specifically the "Courts only." *Id.* at 2. Plaintiff alleges in relevant part:

> EPO is denied instantly (even in other jurisdictions) and when asking for higher ups I am put out of the building or falsely arrested for reporting what happens to me first and to cover up the crimes against me. I am the one being punished and getting death threats in court rooms (offices). Causing great conspiracy and emotional distress and illegal blackmail through false phone calls, connections used to cover up crimes! Cyber Harassment can't contact anyone messages intercepted illegally.

*Id.* at 5. As relief, Plaintiff seeks monetary damages for the alleged false arrest and narratives, as well as "illegal blackmail." *Id.* at 6.

A review of Kentucky state court records reflects that Plaintiff currently has a misdemeanor disorderly-conduct charge against her in the Jefferson District Court. *See Commonwealth v. Sharp*,

Action No. 24-M-006620.[1]  According to the uniform citation in the state record, the Louisville Metro Police arrested Plaintiff on September 11, 2024, at the Louisville Public Library at the Jefferson Boulevard branch.  The citing officer indicated that upon his arrival at the library, Plaintiff advised him that she was being stalked and her emails and media had been hacked.  The library staff advised him and other officers that they would like Plaintiff to be removed from the property due to Plaintiff accusing them of hacking her email and media.  After multiple requests, Plaintiff left the premises.  The officer states that after leaving, she began yelling and cussing at the officers in a threatening manner in front of patrons of the library and, as a result, Plaintiff was arrested.  *Id.*

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e).  *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 521 (1972), this duty to be less stringent "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff, *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require courts "to explore

---

[1] The Kentucky Court of Justice online court records are available at https://kcoj kycourts net/kyecourts.  A court may take judicial notice of undisputed information contained on government websites, *see Demis v. Sniezek*, 558 F.3d 508, 513 n.2 (6th Cir. 2009), and of "proceedings in other courts of record," *Granader v. Public Bank*, 417 F.2d 75, 82–83 (6th Cir. 1969).

exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001) (citation omitted). Two elements are required to state a claim under § 1983. *Id.* (citations omitted). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted).

"Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

A state and its agencies are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Additionally, the Eleventh Amendment to the United States Constitution acts as a bar to all claims for relief against the Commonwealth of Kentucky. "[A] state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its immunity or Congress has expressly abrogated [the] states' immunity." *LeBlanc v. Hagan*, No. 1:16-CV-00178-GNS, 2017 WL 2779490, at *6 (W.D. Ky. June 27, 2017) (citation omitted); *see also Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The Commonwealth of Kentucky has not waived its immunity. *Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004). Thus, Plaintiff's claims against the Hall of Justice or the Jefferson District and Circuit Courts must be dismissed for failure to state a claim upon which relief may be granted and as barred by the Eleventh Amendment. *See*, *e.g.*, *McKee v. Fayette Circuit Court*, No. 95-5011, 1995 WL 559331 at *2 (6th Cir. Sept. 20, 1995) (claim against circuit court barred by Eleventh Amendment); *Baltierra v. Fayette Circuit Court*, No. 5:13-398-DCR, 2013 WL 6706002, at *2 n.2 (E.D. Ky. Dec. 18, 2013) ("As a constitutional arm of government, the circuit courts are entitled to Eleventh Amendment immunity.").

Furthermore, to the extent that Plaintiff seeks this Court's involvement in an ongoing district court proceeding, *Younger v. Harris* "requires a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." *O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008) (citing *Younger v. Harris*, 401 U.S. 37, 40–41 (1971)). "The *Younger* abstention doctrine provides that a federal court should abstain from interfering in a state court action when (1) there is an ongoing state judicial proceeding, (2) the

state proceeding implicates important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Graves v. Mahoning Cnty.*, 534 F. App'x 399, 406 (6th Cir. 2013) (citing *Fieger v. Cox*, 524 F.3d 770, 775 (6th Cir. 2008); *Am. Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 332 (6th Cir. 2007)). All three factors supporting abstention are present in this case. *See generally Younger*, 401 U.S. 37 (counseling against interference in state criminal actions). The matters presented in the Complaint involve an ongoing misdemeanor charge and implicate important state interests in determining the disposition of that charge. *Frost v. Nessel*, 712 F. Supp. 3d 1008, 1013 (W.D. Mich. 2024) (finding a criminal charge "undoubtedly pending" and that "the state prosecution against [the plaintiff] also serves an important state purpose—specifically, [the state]'s right to enforce its criminal laws"). Additionally, there is no indication that constitutional claims could not be raised in that context. *Id.* ("The state prosecution provides [the federal plaintiff] with adequate opportunities to raise constitutional challenges and any other challenges in a competent forum."). Therefore, the Court concludes that the *Younger* abstention doctrine prevents the Court from providing Plaintiff the relief she seeks.

### IV.

The Court will enter a separate Order dismissing the action for the reasons stated herein.

This the 2nd day of January 2025.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY

cc: Plaintiff, *pro se*
    Defendant
A958.014